UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL AMIN MUHAMMAD,

        Plaintiff,

v.

KYLE A. NEHER,

        Defendant.

_____/

Case No. 1:16-cv-1466

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

Plaintiff (who sometimes refers to himself as "Plaintiff-Petitioner") is currently incarcerated by the Michigan Department of Corrections (MDOC). He filed this action in the Muskegon County Circuit Court against "Respondent" Detective Kyle A. Neher on October 11, 2016, for claims which arose prior to his incarceration. Summons and Compl. (ECF Nos. 1-1 and 1-2). The action was removed to this Court on December 28, 2016. *See* Notice of Removal (ECF No. 1). This matter is now before the Court on defendant's motion to dismiss (ECF No. 6). The motion is unopposed. In addition, the Court will address plaintiff's objection to the removal of this action from state court (ECF No. 9) (which was docketed as a response) and his motion to amend the complaint (ECF No. 20).

    **I.**    **Plaintiff's allegations**

Plaintiff alleged that on July 30, 2016 [sic], defendant Detective Neher committed perjury while obtaining an arrest warrant. Compl. at PageID.9. The date of the alleged perjury appears in error, based on other documents which identify the correct date as July 30, 2014. *See* Affidavit (ECF No. 1-2, PageID.16). Plaintiff alleged that defendant violated two state criminal

statutes, M.C.L. § 750.483a(5)(b) ("A person shall not do any of the following . . . (b) Offer evidence at an official proceeding that he or she recklessly disregards as false.") and M.C.L. § 750.423 (the felony of perjury); another state law, M.C.L. § 764.1a (statute authorizing issuance of warrants by a state magistrate); Mich. Const. Art. 1, § 11 ("searches and seizures"); and the Fourth Amendment of the United States Constitution. *Id*.

In his complaint, plaintiff alleged that Detective Neher committed perjury by obtaining an arrest warrant through "fabricated evidence," engaged in "a malicious use of legal process" and a "TORT" in violation of plaintiff's rights under the Fourth Amendment, the Michigan Constitution, M.C.L. § 764.1a and MCR 6.102 ("Arrest on a warrant"). Compl. at PageID.9-11. In addition, plaintiff claims that he "has a right not to have evidence offered contrary to MCL 750.483a, and  MCL 750.423. *Id*. at PageID.11.

Plaintiff seeks the following relief (in his words):

WHEREFORE, For the above mentioned TORTS, the Plaintiff-Petitener DAMAGES EXCEED $ 25,000.00 and shall be granted, the Plaintiff-Petitioner seeks the penalty of perjury which is a felony punishable by imprisonment for not more than 15 years; Plaintiff also seeks the penalty of MCL. 750.483a(6)(a) a felony punishable by imprisonment nor more than 4 years or a fine of not more than $5,000.00 or both.

Plaintiff-Petitioner demands that the perjured false oath of the testimony of probably cause to secure an arrest warrant be stricken and any action following it becomes a nullity and void effective immediately.  As Plaintiff-Petitioner is entitled to relief pursuant to MCR. 2.612(C)[1](c) Fraud (intrinsic or extrinsic) [sic] Misrepresentation, or other misconduct of an adverse party, and (b) [sic] void judgment.

Compl. at PageID.12-13.[1]

---

[1] The Michigan Court Rule which plaintiff attempts to reproduce is MCR 2.612 ("Relief from judgment or order"),which provides in pertinent part as follows:

The present lawsuit appears to be an outgrowth of a previously filed federal lawsuit, *El Amin Muhammad v. Neher et al.*, 1:16-cv-276 ("*Muhammad I*").[2] In *Muhammad I*, plaintiff claims $7,000,000.00 in damages from defendants (including Detective Neher) for injuries which he allegedly suffered while being transported in a police vehicle which struck a deer on August 1, 2014. On August 24, 2016, plaintiff filed a motion to amend his complaint in *Muhammad I* to include claims for an additional $3,000,000.00 against Detective Neher for false arrest and false imprisonment related to the robbery of a Shell gas station on July 14, 2014. *See Muhammad I* (Motion) (ECF No. 31); (Brief) (ECF No.32, PageID.207-208, 213). In support of his motion, plaintiff referred to inconsistencies in the eyewitness testimony of Melissa Denson, who stated that she could identify the driver of the vehicle which did a U-turn in front of her near the Shell gas station at 4:50 a.m. on July 14, 2014. *See id.*, Brief at PageID.208. The Court denied the motion to amend on March 1, 2017. *Id.* (Order) (ECF No. 84).

While the motion to amend the complaint in *Muhammad I* was pending in this Court, plaintiff filed the present lawsuit in the Muskegon Circuit Court alleging various claims against Detective Neher, including a federal constitutional claim for malicious prosecution (referred to by plaintiff as malicious use of legal process) and a state law motion for relief from judgment. In an affidavit filed in support of the present lawsuit, plaintiff presented the factual scenario raised in the

---

On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds: . . . (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . (d) The judgment is void.

MCR 2.612(C)(1)(c) and (d).

[2] *Muhammad I* was filed on March 16, 2016 and originally assigned to Judge Robert Holmes Bell. It was reassigned to Judge Janet T. Neff on January 12, 2017. *See* Administrative Order No. 17-CA-009.

motion to amend *Muhammad I*, including reference to Ms. Denson's testimony regarding the events of July 14, 2014.  *See* Affidavit (ECF No. 1-2, PageID.17).  While plaintiff seeks relief from a "void judgment" due to fraud, he does not explicitly identify the judgment at issue.  For purposes of this motion, the Court takes judicial notice of MDOC records which reflect that plaintiff is currently serving a 25 to 38 year sentence handed down by the Muskegon County Circuit Court for committing an armed robbery on July 14, 2014.  *See* Biographical Information (Elamin Muhamad, #242898).[3]  When reading plaintiff's submissions in *Muhammad I* in conjunction with the allegations in the present lawsuit and the MDOC records, it appears that the "void judgment" referenced in this action is plaintiff's conviction for the robbery July 14, 2014 robbery.  In summary, the present lawsuit is a hybrid action, seeking both monetary damages and habeas relief arising from Detective Neher's alleged violations of the Fourth Amendment and a number of Michigan state laws.

##      II.     Removal from state court

The record reflects that plaintiff contested the removal of this case from the Muskegon County Circuit Court by filing a "Petition opposing notice of removal of cause to the United States District Court for the Western District of Michigan" (ECF No. 9).  The Court construes this filing as a timely motion for remand to the state court.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

---

[3] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=242898 .

In his motion, plaintiff admits that he "does allege a violation of U.S. Constitution Amendment IV. . ." Motion (ECF No.9, PageID.62).[4] Then, plaintiff drifts into an argument in an attempt to apply admiralty law to this lawsuit, stating that "[a]dmiralty and maritime claims brought under savings to suitors clause are not removable to federal court unless there exist some independent basis of federal jurisdiction," citing *In re Chementi*, 79 F.3d 534 (6th Cir. 1996). *Id*. at PageID.63. Plaintiff's argument against removal arguments are meritless because his present lawsuit was not brought under the "savings to suitors" clause of 28 U.S.C. § 1333(1).[5] Accordingly, plaintiff's motion to remand this action to the Muskegon County Circuit Court should be denied.

### III.   *Sua sponte* dismissal

Although this lawsuit does not involve maritime claims, plaintiff has captioned his complaint as brought under the "Rules for administrative and maritime claims." *See* Compl. at PageID.7. Plaintiff's caption is no accident. As discussed in § II, *supra*, plaintiff is relying on irrelevant maritime law doctrines in an effort to advance his claims. By referring to rules and concepts applicable to maritime law, plaintiff is raising frivolous claims in this lawsuit.

---

[4] While plaintiff's motion also states that he alleged a violation of the Fifth Amendment, there is no such allegation in the complaint.

[5] The "saving to suitors" clause referred to by plaintiff is found in 28 U.S.C. § 1333(1), which provides, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." As the court explained in *Chimenti*:

> Although the plain meaning of this language is by no means an intuitive matter, the Supreme Court has clearly held that the "saving" clause "leave[s] state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation." [*Madruga v. Superior Court of California*, 346 U.S. 556, 560-61, 74 S. Ct. 298 (1954)].

*Chimenti*, 79 F.3d at 536-37.

In addition, plaintiff is not simply suing defendant as an individual. Rather, he is identifying himself as an "agent" for the actual plaintiff who is a "legal fiction":

> Plaintiff-Petitioner is self executing Power of Attorney (AGENT) and injured party El-Amin Muhammed In Sui Juris, and Pro Per for: Legal Fiction, Ens Legis ELAMIN MUHAMMAD / EL-AMIN MUHAMMAD a prisoner serving a debenture at the debenture indenture trustee facility for the (MDOC) located at: E.C. BROOKS CORRECTIONAL FACILITY / 2500 S. SHERIDAN DR. / MUSKEGON HEIGHTS, MI 49444.

Compl. at PageID.8. There is no basis for plaintiff to prosecute this action as the "agent" for his "legal fiction." Allowing plaintiff to prosecute a lawsuit on this premise and to allow him to file papers in this Court which regurgitate this gibberish wastes the resources of both the Court and defendants.

Finally, the plaintiff in this action is a prisoner in the custody of the Michigan Department of Corrections identified as El Amin Muhammad, MDOC #242898. However, the complaint was not signed by plaintiff. Rather, it was signed and "Prepared by Power of Attorney in Fact, and (AGENT) Plaintiff-Petitioner, In Sui Juris, In Pro Per [ElAmin Muhammad] original signature Without Prejudice UCC 1-207" under:

> POWER OF ATTORNEY IN FACT FOR:
> El-AMIN MUHAMMAD
> LEGAL FICTION SIGNATURE
> #242898
> E.C. BROOKS CORRECTIONAL FACILITY
> 2500 S. SHERIDAN DR.
> MUSKEGON HEIGHTS, MI 49444

Compl. at PageID.13-14. Contrary to Fed. R. Civ. P. 11, the complaint was not signed by an plaintiff or his attorney. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the

party is unrepresented."). The Court does not recognize this method of signing the complaint as valid under Fed. R. Civ. P. 11(a). Nor is this appropriate under 28 U.S.C. § 1654, which provides that "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Rather, by characterizing himself as a legal fiction and signing court papers as an "agent" for that legal fiction, plaintiff is further obfuscating this legal proceeding.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff's attempt to prosecute this lawsuit under maritime law and signing the complaint as an "agent" for a legal fiction are frivolous and devoid of merit. For these reasons, plaintiff's complaint should be dismissed.

**IV.  Defendant's motion to dismiss**

Even if plaintiff had filed this lawsuit as an individual using his actual name, the federal claim should be dismissed and this action remanded to the state court.

**A.  Legal Standard**

Defendant brings his motion pursuant to Fed. R. Civ. P. 12(b)(6), which seeks dismissal for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it

7

>asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Fed. R. Civ. P. 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78. The pleading standard announced in Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation. *Id.* at 678. A pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are insufficient. *Id.* at 678 (internal quotation marks and brackets omitted).

In reviewing a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). However, this liberal construction does not require the Court "to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Nor can a court rewrite a complaint to include claims that were never presented. *Rogers v. Detroit Police Deptartment*, 595 F. Supp.2d 757, 766 (E.D. Mich. 2009). To hold otherwise would require the court to explore all potential claims of a *pro se* plaintiff and transform the district court to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. *Id.*

Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case

8

and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Discussion

As discussed in an order entered this date, plaintiff has obfuscated his federal constitutional claim by incorporating nonsensical legal theories in his filings (*e.g.*, referring to himself as both a "legal fiction" and a "self executing Power of Attorney (AGENT)" representing the legal fiction incarcerated at the E.C. Brooks Correctional Facility, making claims based on contract law under the Uniform Commercial Code, and citing a maritime law). Placing the nonsense aside, plaintiff seeks $7,000,000.00 from Detective Neher for malicious use of legal process in issuing the arrest warrant in violation of the Fourth Amendment, an order to void the state court judgment under MCR 2.612, and criminal prosecutions of defendant for perjury and for violating M.C.L. § 750.483a. Compl. at PageID.12-13.

#### 1. Plaintiff cannot criminally prosecute Detective Neher

As an initial matter, plaintiff's request for a criminal prosecution of Detective Neher under Michigan law should be summarily denied as frivolous. "[I]n American jurisprudence. . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

#### 2. Plaintiff's Fourth Amendment claim fails

Plaintiff's Fourth Amendment claim for malicious prosecution seeks both monetary damages for an alleged civil rights violation and challenges the "fact or duration" of his confinement. Although plaintiff did not explicitly cite 42 U.S.C. § 1983 as the basis for his Fourth Amendment

claim, that statute provides the cause of action for an alleged federal constitutional violation. *See Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004) (42 U.S.C. § 1983 "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law").

Construing plaintiff's complaint in the light most favorable to him, the Court concludes that his Fourth Amendment claim is one for malicious prosecution.

> The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir.2006) (internal quotation marks omitted). The "tort of malicious prosecution" is "entirely distinct" from that of false arrest, as the malicious-prosecution tort "remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process." *Wallace v. Kato*, 549 U.S. 384, 390, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (internal quotation marks omitted). . .
>
> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir.2007); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir.2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir.2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir.2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution, *Fox* [*v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)]; *Voyticky* [*v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005)]. Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir.2007); *see Gregory v. City of Louisville*, 444 F.3d 725, 748–50 (6th Cir.2006) (discussing the scope of "Fourth Amendment protections ... beyond an initial seizure," including "continued detention without probable cause"); *cf. Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [an action for malicious prosecution] permits damages for confinement imposed pursuant to legal process."). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

> *Heck*, 512 U.S. at 484, 114 S.Ct. 2364 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

\*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (footnote omitted) (emphasis in original).

Here, plaintiff's allegations do not establish a cause of action for malicious prosecution under the Fourth Amendment. As a preliminary matter, plaintiff's complaint is deficient because he does not allege the conviction at issue. As discussed, the Court has gleaned from the filings and MDOC records that plaintiff is contesting his conviction for the July 14, 2014 robbery in Muskegon County. If the Court assumes, for purposes of this motion, that this is the conviction at issue, then plaintiff met the first element by alleging that Detective Neher influenced or participated in the decision to prosecute.

With respect to the second element, plaintiff's complaint fails to allege facts to show that there was a lack of probable cause for the prosecution. However, in a "supplemental affidavit of truth" (ECF 1-2, PageID.15-21), plaintiff claims that records from cell phone towers indicate that he was outside of the Muskegon City limits at 6:13 a.m. on July 14, 2014. *See* Affidavit at PageID.19. Plaintiff further stated that this information was available to Detective Neher before he obtained the arrest warrant. *Id*. at PageID.18-19. If the Court reads plaintiff's supplemental affidavit in conjunction with his complaint, then plaintiff has presented facts which could show that there was no probable cause to issue the arrest warrant, i.e., about 1 1/2 hours after the robbery, plaintiff's cell phone was detected by a cell tower 197 miles away in Detroit.[6]

---

[6] The Court notes that these allegation raise a number of questions with respect to whether plaintiff had his cell phone at the time, how the cell tower data can be used to pinpoint the location of a cell phone, and whether plaintiff could have traveled from the site of the robbery to the location of the cell phone in 1 1/2 hours. However, for purposes of the present motion, the Court must accept the allegations as true.

With respect to the third element, plaintiff does not allege that he was incarcerated as a consequence of subsequent legal proceedings. However, as discussed, if the Court assumes that plaintiff is referring to the 2014 conviction, then he has met this element.

Nevertheless, plaintiff cannot meet the fourth element, because he has not alleged that the criminal proceeding was resolved in his favor. Indeed, plaintiff cannot allege this element. On the contrary, one purpose of this lawsuit is to declare his conviction null and void. For this reason, plaintiff's Fourth Amendment malicious prosecution claim should be dismissed.

Finally, plaintiff claims that the July 14, 2014 robbery conviction which resulted from the alleged Fourth Amendment violation and the various violations of state law should be declared void. Such a declaration would result in plaintiff's release from prison. Plaintiff cannot raise this claim in the present action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff cannot seek habeas relief under the guise of a federal civil rights claim directed against Detective Neher. *See id*. For this reason, plaintiff's Fourth Amendment claim should be dismissed, and this matter remanded to the Muskegon Circuit Court on plaintiff's state law tort claims against defendant and his state law claim for relief from judgment under MCR 2.612. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### V.    Plaintiff's proposed amended complaint

In an attempt to avoid dismissal, plaintiff recently filed a motion to amend the complaint (ECF No. 20). Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend a pleading with

12

the opposing party's written consent or with leave of the court, which should freely given "when justice so requires." The proposed amended complaint (ECF No. 20-1) purports to be brought under 42 U.S.C. § 1983. While it does not include the admiralty and maritime references, plaintiff now claims that he is a corporation, and that he is bringing this action as the corporation's agent: "The Plaintiff is a natural citizen of Michigan in sui Juris, agent El-Amin Muhammad, in Jure Proprio for: Ens legis ELAMIN MUHAMMAD a corporation incorporated under the laws of MICHIGAN with its Principal Place of business in Michigan." Amend Compl. at PageID.170. Plaintiff's allegations regarding corporate self and bringing this action as the corporation's agent are patently frivolous. The proposed amended complaint contains allegations that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" and subject to dismissal for lack of subject matter jurisdiction. *See Apple*, 183 F.3d at 479. There is no reason for this Court to expend any more of its time and resources addressing plaintiff's nonsensical legal theories. Moreover, even if plaintiff signed the proposed amended complaint as required by Fed. R. Civ. P. 11(a) and 28 U.S.C. § 1654, the claims set forth in the proposed amended complaint fail for the same reasons as the original complaint because plaintiff has not alleged the elements of a federal constitutional claim for malicious prosecution and he cannot obtain habeas relief in this civil rights action. For these reasons, plaintiff's motion to amend should be denied.

### VI. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion to remand this action (docket no. 9) be **DENIED**.

I further recommend that this action be **DISMISSED** as frivolous. In the alternative, I recommend that defendant's motion to dismiss (docket no. 6) be **GRANTED** as to plaintiff's

Fourth Amendment claim and the criminal prosecution claims, that plaintiff's motion to amend (ECF No. 20) be **DENIED**, and that plaintiff's remaining state law claims be **REMANDED** to the Muskegon Circuit Court pursuant to 28 U.S.C. § 1447(c).

Dated: June 6, 2017               /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).